Warren B. Kardon, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued November 2, 1978, before Judges Mencer, DiSalle and Craig, sitting as a panel of three.

*Sidney Baker,* for petitioner.

*William Kennedy,* Assistant Attorney General, with him *Gerald Gornish,* Acting Attorney General, for respondent.

Opinion by Judge DiSalle, January 19, 1979:

This is an appeal of an order of the Unemployment Compensation Board of Review (Board) deny-

ing unemployment benefits to Warren Kardon (Claimant) by reason of a finding that Claimant was self-employed and, therefore, not an employee within the meaning of Section 402(h) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(h). The sole issue presented for consideration is, accordingly, whether this finding of fact is supported by substantial evidence.

Sections 4(i) and 4(l)(2)(B) of the Law, 43 P.S. §§753(i) and 753(l)(2)(B), make it clear that a claimant can be classified as self-employed *only* when the employer establishes that a claimant (a) has been and will continue to be free from control or direction over the performance of his or her services *and* (b) is customarily engaged in an independent trade. *Jochynek v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 86, 378 A.2d 490 (1977); *Unemployment Compensation Board of Review v. Kessler*, 27 Pa. Commonwealth Ct. 1, 365 A.2d 459 (1976). Since we find that the record fails to establish that the employer satisfied condition (a) above, we need not discuss condition (b).

In the instant case, it is undisputed that Claimant, a licensed real estate salesman, was subject to the following requirements of his employer. Claimant worked pursuant to a regular weekly schedule assigned to him by his employer. He was required to be in the employer's office during designated hours; to attend weekly meetings; to account for his time on a prescribed form; to sign in or out from work; and to complete and sign a monthly activity sheet which listed his real estate showings, inspections, appointments, and office time. Claimant utilized the employer's office space and was provided with a telephone at the employer's expense. Furthermore, the employer could direct Claimant to show or inspect designat-

ed pieces of property and any listings obtained by Claimant were subject to the employer's approval. Claimant was without authority to negotiate sales commissions, could not accept checks in his own name, and could not advertise listings without the express consent of the employer and, then, only under the employer's name.

While admittedly some of Claimant's activities were not restricted, it is clear that Claimant was not "free" from his employer's control and direction, and was, in fact, subject to substantial restraints. We believe that the finding of fact that Claimant was self-employed is not supported by substantial evidence, and therefore reverse.

ORDER

AND Now, this 19th day of January, 1979, the order of the Unemployment Compensation Board of Review dated December 29, 1976, affirming an order of the referee dated September 1, 1976, is hereby reversed and the case is remanded for computation of benefits.