Eileen S. Crenshaw, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 7, 1980, before Judges BLATT, MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

*Jerome Balter,* for appellant.

*John T. Kupchinsky,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, March 20, 1980:

Eileen Crenshaw (Claimant) was last associated with the University of Pennsylvania (University) as an industrial hygiene consultant on June 30, 1978.

Following written notification that she was being relieved of her duties as a consultant, she applied for unemployment compensation benefits. The Bureau (now Office) of Employment Security (Bureau) denied benefits on the basis that she was self-employed and, therefore, ineligible for benefits pursuant to Section 402(h) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess. P.L. [1937] 2897, as amended, 43 P.S. §802(h). Upon appeal and after hearing, the referee affirmed the Bureau's determination on the basis of Section 402(h). The referee did not address Claimant's alternative argument that even if she were self-employed during her association with the University, she was eligible for benefits pursuant to Section 401(f) of the Law, 43 P.S. §801(f).[1] Upon further appeal, the Unemployment Compensation Board of Review (Board) affirmed the referee's decision on the basis of Section 402(h) and held Section 401(f) to be inapplicable to this case.

Claimant appeals to us from the Board's order and raises two issues: whether the Board's determination

---

[1] Section 401(f) provides that

Compensation shall be payable to any employe who is or becomes unemployed, and who—

. . . .

(f) Has earned, subsequent to his separation from work under circumstances which are disqualifying under the provisions of subsections 402(b), 402(e) and 402(h) of this act, remuneration for services in an amount equal to or in excess of six (6) times his weekly benefit rate irrespective of whether or not such services were in 'employment' as defined in this act.

Prior to her association with the University, Claimant worked for the United States Government's Occupational Safety and Health Administration (OSHA) for more than three years. She voluntarily left her position with OSHA to become a consultant with the University. There is uncontradicted evidence on the record that she was paid $6,250 by the University, an amount greater than six times her weekly benefit rate.

that she was self-employed was supported by substantial evidence and whether, even if she had been self-employed, she nevertheless is eligible for unemployment compensation benefits pursuant to Section 401 (f). For the reasons which follow, we reverse the order of the Board and remand this case for a computation of benefits.

Section 4(1) of the Law, 43 P.S. §753(1) defines "Employment" as

> (1) . . . all personal service performed for remuneration by an individual under any contract of hire, express or implied, written or oral,
> . . . .
>
> . . . .
>
> [(2)(B)] Services performed by an individual for wages shall be deemed to be employment subject to this act, unless and until it is shown to the satisfaction of the department that —(a) such individual has been and will continue to be free from control or direction over the performance of such services both under his contract of service and in fact; and (b) as to such services such individual is customarily engaged in an independently established trade, occupation, profession or business.

This Court has repeatedly held that before a claimant will be declared to have been self-employed, the employer bears the burden of proving *both* elements of Section 4(1)(2)(B). *Kardon v. Unemployment Compensation Board of Review*, 40 Pa. Commonwealth Ct. 20, 21, 396 A.2d 487, 488 (1979); *Jochynek v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 86, 89, 378 A.2d 490, 491 (1977); *American Diversified Corp. v. Bureau of Employment Security*, 1 Pa. Commonwealth Ct. 527, 529, 275 A.2d 423,

425 (1971). The question before us is whether there is substantial evidence, that is, such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, *Fenk v. Unemployment Compensation Board of Review*, 45 Pa. Commonwealth Ct. 213, 216, 405 A.2d 590, 591 (1979), to support both elements and the resultant conclusion that Claimant was self-employed. We hold that there was not.

In support of its conclusion, the Board made findings of fact as follows:

1. The claimant was last associated with the University of Pennsylvania on June 30, 1978 as an Industrial Hygiene Consultant for which she received a per diem fee of $100.00 plus traveling expenses.

2. The claimant conducted research at an industrial plant.

3. The claimant worked three days per week and set her working hours as she deemed necessary to properly conduct her research.

4. The claimant was not under the direct supervision of the University, but submitted periodic progress reports to an associate professor in charge of the study.

5. No tax deductions were made by the University from the claimant's fees.

6. The claimant was not covered under the fringe benefit programs provided by the University to its employes.

7. The claimant accepted the association with the understanding that the study would last a minimum of five months, with the possibility of a longer association should the study director find her work satisfactory.

Although all of the findings are supported by evidence on the record, findings 1 and 2 are irrelevant to

the issue of self-employment,[2] findings 3, 4, 5, and 6 are not enough to support a conclusion of self-employment, and finding 7 is contrary to a finding of self-employment. Findings 3 through 7 all go to the element of control. In considering that element, as set forth in Section 4(1)(2)(B), we must remember that "[O]ne need not *actually* exercise control in order to be considered an employer; rather, the mere right or authority to exercise control or interfere with the work creates an employment relationship." *Biter v. Department of Labor and Industry,* 39 Pa. Commonwealth Ct. 391, 395, 395 A.2d 669, 670 (1978). We hold that on the facts of this case, the University did control Claimant's employment.

First, the fact that Claimant's working hours were flexible does not indicate a lack of control by the University. She testified that she was not free to work whenever and wherever she wanted without limit, but that she had to work at the industrial plant when it was convenient to interact with plant employees crucial to the University's studies.[3]   Second, this Court

---

[2] Claimant's reference to herself as a "consultant," a term frequently associated with self-employment, and her testimony that she did not regard herself as an employee of the University are not dispositive of the self-employment issue. The determination of whether one is self-employed is a question of law to be determined by the compensation authorities and the courts; it is not a question appropriate for a decision by a lay person. *O'Brien v. Unemployment Compensation Board of Review,* 29 Pa. Commonwealth Ct. 272, 274-75 n. 2, 370 A.2d 805, 806 n. 2 (1977) ; *Unemployment Compensation Board of Review v. Minier,* 23 Pa. Commonwealth Ct. 514, 517, 352 A.2d 577, 579 (1976).

[3] Claimant was the only person to testify at the hearing. Although counsel for the University cross-examined her, the University presented no direct testimony on its own behalf. Of course, the referee and the Board are free to reject the uncorroborated and uncontroverted testimony of any witness. *Leight v. Unemployment ompensation Board of Review,* 49 Pa. Commonwealth Ct. 312, 314, 410 A.2d 1307, 1308. Had they done so here, however, the only

has found that the failure to withhold taxes is not controlling on the issue of self-employment. *National Freight, Inc. v. Unemployment Compensation Board of Review,* 34 Pa. Commonwealth Ct. 161, 164-65, 382 A.2d 1288, 1290 (1978). We hold the same principle to be applicable to fringe benefits. Furthermore, we conclude, as a matter of law, that claimant's periodic progress reports to the associate professor in charge of the study (Dr. Mack) establish that he, and through him, the University[4] controlled her work. Finally, as indicated by finding 7, Dr. Mack controlled the tenure of Claimant's position and he was the person who actually relieved her of her duties on June 30, 1978.

The University failed, then, to prove the first essential element of the self-employment test set forth in Section 4(1)(2)(B) of the Law. While we need not

evidence remaining on the issue of hours worked would have consisted of a letter from Claimant's suprevisor informing her that she should "plan to work approximately three days per week." There was no other evidence concerning how she should manage her working hours. We also note that nowhere in their opinions did the referee or the Board cast doubt upon Claimant's credibility.

[4] There is no merit to the argument that Claimant worked for Dr. Mack independent of the University. Section 4(j)(2) of the Law, 43 P.S. §753(j)(2), includes within its definition of "Employer" the following:

> Each individual employed to perform or to assist in performing work of any agent or employe of an employer shall be deemed to be employed by such employer for all the purposes of this act, whether such individual was hired or paid directly by such employer or by such agent or employe, provided the employer had actual or constructive knowledge of the work. . . .

The record clearly indicates that Dr. Mack, who employed Claimant, was an employee of the University. The record also indicates that Claimant was paid with University checks. The University, therefore, must be deemed to have had knowledge of Claimant's employment and by the terms of Section 4(j)(2) must be held to have been her employer.

address the second element—whether Claimant was customarily engaged in an independently established trade, occupation, profession or business—we note that the record fails to support that requirement, as well. We also note that neither the referee nor the Board made any findings of fact concerning the second element.

Although our decision that Claimant is not ineligible to receive unemployment compensation benefits pursuant to Section 402(h) of the Law eliminates the need for us to address her alternative argument, the Board's brief on the issue compels us to do so. Claimant argued that if we found her to be self-employed while she was associated with the University, we should still find her to be eligible for benefits on the basis of Section 401(f). The Board does not contend that Claimant has not earned six times her benefits. Rather, the Board argues that Section 401(f) is *inapplicable* because she had no employment *subsequent to her work with the University* to purge her ineligibility. The Board has missed the point. Claimant contends that her work with the University purges her *prior ineligibility for benefits caused by her voluntarily leaving her position with the Occupational Safety and Health Administration.*[5] Claimant is correct and had we not already determined her to be eligible for benefits, we would do so on the basis of Section 401(f). *Steinberg v. Unemployment Compensation Board of Review,* 34 Pa. Commonwealth Ct. 294, 383 A.2d 1284 (1978).

---

[5] We do not reach the question of whether Claimant's leaving the OSHA position was in fact a voluntary termination without cause of a necessitous and compelling nature, Section 402(b)(1) of the Law, 43 P.S. §802(b)(1). *See Steinberg v. Unemployment Compensation Board of Review,* 34 Pa. Commonwealth Ct. 294, 297, 383 A.2d 1284, 1286 (1978).

The Board's order is reversed and this case is remanded for a determination of benefits due Claimant.

ORDER

AND Now, this 20th day of March, 1980, the Order of the Unemployment Compensation Board of Review at No. B-167404, dated December 26, 1978, is reversed and the case is remanded for a determination of benefits due Petitioner.

President Judge BOWMAN did not participate in the decision in this case.

Judge WILLIAMS, JR. concurs in result only.