James Harper, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 4, 1982, before President Judge CRUMLISH and Judges ROGERS and DOYLE, sitting as a panel of three.

*Alan R. Krier, Jubelirer, Carothers, Krier, Halpern & Smith,* for petitioner.

*Charles Donahue,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE ROGERS, March 29, 1982:

James Harper appeals an order of the Unemployment Compensation Board of Review denying him unemployment benefits because, according to the Board, Harper had been a self-employed person, not an employee. See Section 402(h) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802 (h).

Section 4(1)(2)(B) of the Law, 43 P.S. 753(1) (2)(B), provides that a claimant may be held to be self-employed if he "(a) has been and will continue to be free from control or direction over the performance of such services both under his contract of service and in fact; and (b) as to such services is customarily engaged in an independently established trade, occupation, profession or business." *Kuhn v. Unemployment Compensation Board of Review*, 61 Pa. Commonwealth Ct. 176, 432 A.2d 1156 (1981); *Crenshaw v. Unemployment Compensation Board of Review*, 50 Pa. Commonwealth Ct. 136, 412 A.2d 682 (1980); *Kardon v. Unemployment Compensation Board of Review*, 40 Pa. Commonwealth Ct. 20, 396 A.2d 487 (1979).

The parties agree that until August 31 1978, the claimant was an employee of Ford, Bacon & Davis, Inc., an enterprise which instructs railroads and railroad employees concerning tracks and track work. From September 1, 1978, until April 12, 1979, the claimant continued doing the same kind of work he had been doing, but, according to a letter from Ford, Bacon to Harper, dated August 21, 1979, as a consultant and not as an employee. The referee denied benefits based on a Summary of Interview form on which the claimant asserted that he was self-employed after September 1, 1978 and of Ford, Bacon's letter of August 21, 1978, to Harper describing Harper's position after September 1, 1978 as that of a consultant.

The determination of whether one is self-employed or employed by another is a question of law to be determined by the compensation authorities and the courts; it is not one which may be decided on the basis of the characterization given the relationship by a lay person not trained in the legal niceties attendant on such a decision. *Unemployment Compensation Board of Review v. Minier*, 23 Pa. Commonwealth Ct. 514, 352 A.2d 577 (1976). Harper's statement and Ford,

Bacon's letter neither singly nor in combination provide sufficient support for the determination of the compensation activities that Harper was self-employed.

Because of the restricted grounds for decision employed by the compensation authorities, the matters of the extent of Ford, Bacon's control and direction of Harper after September 1, 1978 and the question of whether in performing services for Ford, Bacon, Harper was customarily engaged in an independently established occupation were not the subject of any findings or, indeed, consideration below. We therefore remand the record for findings and disposition by the Board of Review based on Section 4(1)(2)(B).

Record remanded for further proceedings not inconsistent with this opinion.

ORDER

AND NOW, this 29th day of March, 1982, the record is remanded for further proceedings not inconsistent with this opinion.