Sydney Wolff, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 14, 1983, to President Judge CRUMLISH, JR. and Judges MacPHAIL and DOYLE, sitting as a panel of three.

*Sydney Wolff,* petitioner, for himself.

*Charles G. Hasson,* Acting Deputy Chief Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE MacPHAIL, January 5, 1984:

Sydney Wolff (Claimant) has appealed from an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's decision finding Claimant to be self-employed and, therefore, ineligible for benefits under Section 402(h) of the Unemployment Compensation Law (Law).[1] The Board and referee also concluded that Claimant was liable for a fault overpayment of $617, recoupable under Section 804(a) of the Law, 43 P.S. §874(a). We reverse in part and remand for further findings.

Claimant was employed by the University of Pittsburgh as an Associate Professor of Special

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(h).

Education when his contract terminated on August 31, 1980 and was not renewed by the University. Claimant subsequently returned to New York State where he had formerly resided, began looking for full-time employment and filed an interstate claim for unemployment compensation benefits. Though unable to locate full-time work, Claimant did begin consulting work in September for the Board of Cooperative Educational Services (BOCES) in Syracuse. The work, which was usually performed one day a week through the week ending December 6, 1980, involved performing teacher and program evaluations as well as parent education for parents with deaf children. Claimant received a daily fee for his services plus travel expenses. Based on the fact that Claimant, on two of his weekly claim forms, indicated that he was self-employed, the referee concluded that Claimant's consulting work disqualified him from benefits under Section 402(h). The referee further concluded that Claimant withheld material information in his original application for benefits because he did not indicate therein that he was self-employed, despite the fact that he had started his consulting work prior to the date of his application. The referee held that the benefits received by Claimant consequently represented a fault overpayment. The Board adopted the referee's fact findings and legal conclusions in full.

Although the Law does not specifically define the term ''self-employment'', the definition of ''employment'' includes the following pertinent language:

Services performed by an individual for wages shall be deemed to be employment subject to this act, unless and until it is shown to the satisfaction of the department that—(a) such individual has been and will continue to be free

from control or direction over the performance of such services both under his contract of service and in fact; and (b) as to such services such individual is customarily engaged in an independently established trade, occupation, profession or business.

Section 4(1)(2)(B) of the Law, 43 P.S. §753(1)(2)(B). Before a claimant may be declared ineligible for benefits due to self-employment, *both* elements of Section 4(1(2)(B) must be established either by the employer or the unemployment compensation authorities. *See Crenshaw v. Unemployment Compensation Board of Review,* 50 Pa. Commonwealth Ct. 136, 412 A.2d 682 (1980).

As we have noted, the unemployment compensation authorities based their conclusion that Claimant was self-employed on the facts that he received remuneration for consulting work and because Claimant, at various times, indicated that he considered himself to be self-employed. It is clear, however, that the mere identification of a person as a ''consultant'' or a suggestion by a claimant that he is self-employed are not dispostive of the self-employment issue. *Crenshaw,* 50 Pa. Commonwealth Ct. at 141 n.2, 412 A.2d at 684 n.2. The determination of whether one is self-employed is a question of law to be determined by the compensation authorities and the courts. It may not be decided on the basis of a lay person's characterization of his work. *Id.* The findings of the referee, as adopted by the Board, are, accordingly, inadequate to demonstrate that Claimant was self-employed.

Because of the limited basis of the decision by the unemployment compensation authorities, the Board failed to consider or make findings regarding the elements of control over Claimant's work by BOCES

and whether Claimant was engaged in an independent occupation, profession or business. We have previously held that where such findings, which are crucial to the self-employment issue, are absent we must remand for further proceedings consistent with Section 4(1)(2)(B) of the Law. *Harper v. Unemployment Compensation Board of Review*, 65 Pa. Commonwealth Ct. 474, 443 A.2d 419 (1982).

In an effort to avoid yet another appeal in this case, we now turn to the issue of whether Claimant, if determined on remand to be self-employed, may be found liable for a fault overpayment. Case law establishes that the term "fault" connotes an act to which blame, impropriety, censure, shortcoming or culpability attaches and usually involves a material misrepresentation or an act intentionally designed to mislead. *Loqut v. Unemployment Compensation Board of Review*, 49 Pa. Commonwealth Ct. 575, 411 A.2d 881 (1980). The finding of fault by the Board and referee rested on their conclusion that Claimant misrepresented his self-employment status on his original application. In light of the legal complexity of the concept of self-employment, as reflected by the need for a remand in the instant case, we cannot view Claimant's confusion over his employment status as a material misrepresentation. Moreover, there is no competent evidence of record which would indicate that Claimant failed to report the actual earnings he received from his consulting work.[2] We, accordingly,

---

[2] In fact, the record is replete with evidence that Claimant fully reported his earnings to the unemployment compensation authorities. We note that the referee, in fact finding No. 6, indicates that on the claim filed for the week ending November 27, 1980 (the Board contends that the date should read November 22, since there was no claim week ending on November 27), Claimant failed to report wages earned on *October 16*, 1980. We cannot regard

conclude that if, on remand, the Board again concludes that Claimant received an overpayment, it may *not* be recouped under the fault provisions of Section 804(a) of the Law.

The order of the Board is reversed insofar as it assessed a fault overpayment and the record is remanded for further proceedings consistent with the foregoing opinion.

## ORDER

The order of the Unemployment Compensation Board of Review, Decision No. B-202352, dated December 31, 1981, is hereby reversed in part and the record is remanded for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.

---

this finding as support for a finding of fault, however, since there is no evidence that Claimant failed to properly report his October 16 earnings during the appropriate claim week in October.