John H. CAMERON, President; John H. Cameron and Sons, Inc., Petitioners,

v.

DEPARTMENT OF LABOR AND INDUSTRY, BUREAU OF EMPLOYER TAX OPERATIONS, Respondent.

Commonwealth Court of Pennsylvania.

Argued May 8, 1997.

Decided Aug. 20, 1997.

Kenneth D. Kynett, Media, for petitioners.

Jane C. Pomerantz, Harrisburg, for respondent.

Before SMITH and LEADBETTER, JJ., and MIRARCHI, Jr., Senior Judge.

SMITH, Judge.

John H. Cameron and John H. Cameron and Sons, Inc. (Cameron) petition this Court for review of an order of the Department of Labor and Industry denying Cameron's petition for reassessment of unemployment compensation taxes related to wages paid to certain employees for services performed by them at Cameron's facility during 1993 through the second quarter of 1994. The Department concluded that Cameron was the employer of the employees covered by the assessment issued by the Bureau of Employer Tax Operations pursuant to Section 304 of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 784.

The primary issue in this case of first impression is whether Cameron may exempt itself from unemployment compensation tax liability by entering into an employee leasing agreement with Human Resources, Inc. (HRI) and thereafter claiming that HRI gained control or direction over employees at Cameron's facility pursuant to terms of the agreement. Cameron also questions whether a valid employee leasing agreement existed between Cameron and Our Staff, another employee leasing company engaged by Cameron after its agreement with HRI was mutually terminated, and whether the Department committed an error of law or an abuse of discretion in disregarding the evidence presented.

I.

On June 6, 1995, the Bureau of Employer Tax Operations filed a notice of assessment against Cameron for unemployment compensation contributions due and owing on wages paid to workers determined to be employees of the corporation during 1993 through the first quarter of 1995. On June 21, 1995, Cameron filed its petition for reassessment, and a hearing was held approximately three weeks later before a presiding officer, who certified the record to the Deputy Secretary of Labor and Industry for final decision. The parties stipulated that the assessment period should be revised to cover only 1993 and the first and second quarters of 1994; that the Bureau would grant a credit to Cameron for the contributions previously made by HRI on behalf of Cameron; and

that the amount at issue was $58,714.32, for assessed contributions and interest.

The following pertinent findings of fact were made. Cameron is a heating, installation and contracting business, which began its operations in 1964. John H. Cameron is the President and sole shareholder of the business. On December 10, 1992, Cameron entered into an employee leasing agreement with HRI, which began its operations in 1993 as a staff leasing/personnel administration business. Cameron had a relatively high unemployment compensation rate, and HRI had a low contribution rate because it was a "newly liable employer." HRI had limited expertise in the heating and installation business, and after the execution of the leasing agreement, HRI hired Mr. Cameron as its on-site supervisor at the Cameron facility.

The presiding officer additionally found that Mr. Cameron had total control over the hiring, firing, payment of wages, discipline and supervision of the employees, who for the most part were employees of Cameron prior to the leasing agreement. Customers paid Cameron for work and services performed by the employees, and Cameron fully reimbursed HRI for any and all payments for salaries, health insurance and dental programs, 401K plans and pension plan on behalf of the leased employees. As of July 1994, the employee leasing agreement between Cameron and HRI was mutually terminated. Without requesting or receiving permission of the employees, Cameron transferred their employment from HRI to Our Staff after the second quarter of 1994.

■ The Department rendered its decision on September 5, 1996, denying Cameron's petition for reassessment. Noting the legislative intent behind the establishment of a newly liable employer contribution rate contained in Section 301(a)(4) of the Law, 43 P.S. § 781(a)(4), the Department stated that an experienced employer may not avoid a statutory tax obligation by entering into an employee leasing agreement to take advantage

of tax relief granted to a new employer. Moreover, a newly liable employer may not sell its low contribution rate to an employer liable for contributions at a higher rate. The Department concluded that the evidence demonstrated that Cameron was the employer of the employees involved in the assessment.[1]

## II.

■ Section 4(*l*)(2)(B) of the Law, 43 P.S. § 753(*l*)(2)(B), provides the definition of "employment" for purposes of assessment of unemployment compensation tax, and it governs Cameron's classification in this case. The section provides in pertinent part:

(2) The term 'Employment' shall include an individual's entire service performed within or both within and without this Commonwealth, if—

. . .

(B) . . . .

Services performed by an individual for wages shall be deemed to be employment subject to this act, unless and until it is shown to the satisfaction of the department that—(a) such individual has been and will continue to be free from control or direction over the performance of such services both under his contract of service and in fact; and (b) as to such services such individual is customarily engaged in an independently established trade, occupation, profession or business.

■ An employer challenging the assessment of unemployment compensation tax has the burden of showing that it is entitled to a statutory exemption from "employment" under the employer's particular circumstances. *Victor v. Department of Labor and Industry, Bureau of Employer Tax Operations,* 166 Pa.Cmwlth. 663, 647 A.2d 289 (1994). Where the employer claims an exemption, the employer must satisfy the two-part test in Section 4(*l*)(2)(B). *Id.; Kelly v. Unemployment*

---

1. This Court's scope of review of the Department's decision is limited to determining whether its necessary findings of fact are supported by substantial evidence or whether it committed an error of law or a constitutional violation. *Victor*

*v. Department of Labor and Industry, Bureau of Employer Tax Operations,* 166 Pa.Cmwlth. 663, 647 A.2d 289 (1994); *see also* Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

*Compensation Board of Review*, 107 Pa. Cmwlth. 261, 528 A.2d 294 (1987).

There is a presumption that an individual who performs services for wages is an employee rather than an independent contractor, but this presumption may be overcome if an employer sustains its burden to show that an individual was free from the employer's control or direction in the performance of the employee's work, where the ability to control and not the actual control is determinative. *Krum v. Unemployment Compensation Board of Review*, 689 A.2d 330 (Pa.Cmwlth.1997). The presumption may be rebutted where it is shown that the individual was customarily engaged in an independently established trade, occupation, profession or business. *Id.* Furthermore, it is the right or authority to exercise control or to interfere with the work of another that creates an employment relationship. *Crenshaw v. Unemployment Compensation Board of Review*, 50 Pa.Cmwlth. 136, 412 A.2d 682 (1980).

Here, Cameron retained control over the hiring and firing, payment of wages and benefits, discipline and supervision of the employees, and he coordinated the day-to-day activities at the facility. Cameron paid HRI a fee for its services and fully reimbursed HRI for all salaries and benefits paid to and on behalf of the employees. Another consideration is that Cameron and HRI were listed in the leasing agreement as "dual employers" for liability purposes under various employment statutes, including workers' compensation, notwithstanding Cameron's protestation that the dual employer arrangement had no relevance to the question of Cameron's control of the employees.[2] Accordingly, the Court concludes that the record, when viewed in its entirety, unequivocally demonstrates that Cameron failed to meet its burden to show that it is exempt from unemployment compensation tax.[3]

Finally, Cameron contends that the Department's decision was not supported by substantial evidence and that it should be reversed under an abuse of discretion theory. Cameron relies on *Flores v. Unemployment Compensation Board of Review*, 686 A.2d 66 (Pa.Cmwlth.1996), where this Court, citing *Peak v. Unemployment Compensation Board of Review*, 509 Pa. 267, 501 A.2d 1383 (1985), stated that substantial evidence is such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Applying the appropriate scope of review in this case, the Court concludes that any reasonable person would accept the relevant evidence as adequate to support the Department's conclusion that Cameron was the employer of the employees involved in the Bureau's assessment. Cameron has not demonstrated, to the satisfaction of the Court, that the Department erred in its decision to deny Cameron's petition for reassessment, and the Department's order, therefore, shall be affirmed by the Court.

### ORDER

AND NOW, this 20th day of August, 1997, the order of the Department of Labor and Industry, dated September 5, 1996, is hereby affirmed.

---

**2.** Assuming that the second prong of the two-part test under Section 4(*l*)(2)(B) must be satisfied under the facts here, at no time did Cameron establish that any of the employees at the Cameron facility held themselves out to Cameron or anyone else that they performed the services in question for other businesses or individuals who wished those services. Therefore, Cameron did not demonstrate that the employees were customarily engaged in an independently established trade, occupation, profession or business. *Victor.*

**3.** Cameron contends that the Department erred in failing to consider the similarity between the HRI/Cameron leasing agreement and the Our Staff leasing agreement and that had the Department done so, it would not have concluded that Cameron was the employer under the HRI agreement and that Our Staff was the employer under that agreement. The Our Staff agreement is not relevant to the question before the Court and the interpretation of Cameron's December 1992 leasing agreement with HRI, which was in effect during the periods at issue.