**Thomas R. HARTMAN, Petitioner**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 6, 2012.

Decided Jan. 27, 2012.

Reconsideration Denied April 3, 2012.

Jeremy F. Clark, Bethlehem, for petitioner.

Jonathan D. Koltash, Assistant Counsel, Harrisburg, for respondent.

Ronald H. Surkin, Media, for intervenor Bill Heilman Video Services, Inc.

BEFORE: LEADBETTER, President Judge,[1] and McCULLOUGH, Judge, and COLINS, Senior Judge.

OPINION BY Judge McCULLOUGH.

Thomas R. Hartman (Claimant) petitions for review of the August 4, 2010, order of the Unemployment Compensation Board of Review (Board), which found that Claimant was a self-employed independent contractor rather than an employee of Bill Heilman Video Services, Inc. (Employer)[2] and denied Claimant benefits pursuant to section 402(h) of the Unemployment Compensation Law (Law).[3] For the following reasons, we reverse.

The facts of this case, as found by the Board, are as follows:

1. The claimant last worked as a videographer for [Employer].

2. The claimant taped various legal depositions or appeared in court to run the depositions for [Employer's] clients.

3. The claimant was free to accept or reject assignments from [Employer] without consequence.

4. At some point in approximately 2003, the claimant was offered an oppor-

---

1. This case was assigned to the opinion writer on or before January 6, 2012, when President Judge Leadbetter completed her term as President Judge.

2. Employer intervenes in this appeal as a matter of right, pursuant to Pa.R.A.P. 1531(a).

3. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(h). This section provides that employees are ineligible for compensation for any week in which they are "engaged in self-employment."

tunity to work for [Employer] as an employee, but he rejected the offer.

5. The claimant informed [Employer] that he liked the flexibility that he had as a contractor.

6. The claimant was paid $150.00 for the first hour and then $50.00 thereafter for each subsequent hour.

7. The claimant was guaranteed $150.00 per job, regardless of whether it occurred or not.

8. The claimant was not required to attend training.[4] However, optional equipment clinics were offered. If the claimant attended one of the clinics, he was not paid for his time.

9. The employer supplied the video equipment to the claimant.

10. The claimant was supplied with a uniform that he was required to wear.

11. The claimant was supplied with business cards and forms to use.

12. The claimant was required to collect business cards from the attorneys that took part in the depositions.

13. The claimant was free to work for other companies offering the same services, but was not permitted to solicit customers from [Employer].

14. [Employer] paid various expenses for the claimant, including mileage, tolls, parking, and his cellular telephone bill. However, mileage was only paid for travel outside of the Lehigh Valley.

15. [Employer] did not directly supervise the claimant's work.

16. The claimant submitted invoices for his services. He was paid based on those invoices.

17. [Employer] has employees who perform virtually the same services. However, [Employer's] employees are required to come to the office and do other clerical work that the claimant was not required to do.

18. The claimant was not given paid vacation or medical benefits.

19. The claimant received an IRS Form 1099.

20. The claimant did not have taxes withheld from his pay.

21. The claimant considered himself to be a contractor.

(Board's op. at 102.)

Claimant filed an application for unemployment compensation, alleging that Employer had terminated him on October 21, 2009. Although Employer contended that Claimant was an independent contractor rather than an employee, the local service center concluded otherwise and awarded benefits. After a hearing on the matter, the referee also awarded benefits.

Employer timely appealed the referee's decision. However, in the meantime, a tax agent employed by the Department of Labor and Industry (Department), Gary Cook, determined that Claimant was an employee and assessed unemployment compensation tax against Employer. Employer opted to accept and pay the assessment without appealing the tax agent's determination, then sought to withdraw this appeal. The Board denied Employer's request and reversed the referee's decision on the basis that Claimant was an independent contractor.

On appeal to this court,[5] Claimant argues that the Board erred in (1) refusing

4. This is an inexplicable departure from the referee's finding to the contrary, that "[Employer] requires claimant to attend training." Nothing in the record indicates that the training sessions were optional. The only testimony on this subject was Claimant's testimony that Employer "required" the videographers to attend the training sessions. (N.T. at 62, 65.) This finding by the Board clearly is not supported by substantial evidence.

5. Our scope of review is limited to determining whether constitutional rights were violat-

to grant Employer's request to withdraw its appeal because the theory of issue preclusion or collateral estoppel prevents two agents of the Department from reaching two conflicting conclusions regarding Claimant's employment; and (2) concluding that Claimant was not an employee under the Law.

■ Based on our Supreme Court's ruling in *Ario v. Reliance Insurance Company*, 602 Pa. 490, 980 A.2d 588 (2009),[6] we will not address whether the principle of collateral estoppel applies here,[7] but we do agree with Claimant that the basic principles of uniformity and equity prevent the Board from deeming Claimant to be an independent contractor, given that another agent of the Department has determined that Claimant was an employee. It would be manifestly unfair for the Department to take the position that Claimant is an employee for purposes of assessing unemployment tax, yet subsequently disregard that position when Claimant becomes unemployed. *See Ario.* Thus, we conclude that the Board should have granted Employer's request to withdraw its appeal.

■ We distinguish this case from *Lafond v. Commonwealth, Unemployment Compensation Board of Review*, 41 Pa. Cmwlth. 428, 399 A.2d 460 (1979), where this Court held that a shareholder/officer/employee is not automatically entitled to unemployment compensation benefits where the employer has paid unemployment compensation tax on that person's wages. To hold otherwise would mean that employers, merely by voluntarily paying taxes on a person's wages, would be affecting who was eligible for benefits. It is the Law that determines a claimant's

---

ed, an error of law was committed, or findings of fact were unsupported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

6. *Ario* involved a subrogation claim by one insurance company against another insurance company, the latter of which was insolvent. In liquidation proceedings, two different referees determined that two other subrogation claims should be classified under subsection (g) of section 533 of the Insurance Department Act of 1921(Act), Act of May 17, 1921, P.L. 789, art. I § 102, *as amended*, 40 P.S. § 221.44. The referee who heard the third subrogation claim reached a different conclusion and classified the claim under subsection (b) of the Act, giving the claim a much higher priority than the two other subrogation claims. The insurance commissioner argued that the doctrines of stare decisis, the law of the case, and *coordinate jurisdiction* mandated that the referee's decisions be reconciled. However, our Supreme Court said it was not necessary to decide whether those particular doctrines apply in the context of referee recommendations in liquidation matters. Rather, the Court stated that "the broader principles of uniformity and equity" mandated that the insurance claim before them should have been assigned priority (g). *Id.*, 602 Pa. at 505, 980 A.2d at 597. Similarly, here, the principles of uniformity and equity require this Court to conclude that the Board should not have denied Employer's request to withdraw its appeal. It is unfair for the Department to demand that Employer pay unemployment compensation tax on Claimant's wages, then force Employer to pursue this appeal before the Board.

7. In *Logue v. Workmen's Compensation Appeal Board (City of Philadelphia)*, 660 A.2d 175, 176 (Pa.Cmwlth.1995), this Court noted that:

Collateral estoppel will apply only when the issue decided in the prior adjudication was: (1) identical with the one presented in the later action; (2) when there was a final judgment on the merits; (3) when the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication; (4) when the party against whom it is asserted has had a full and fair opportunity to litigate the issue in a prior action; and (5) when the determination in the prior proceeding was essential to the judgment.

Collateral estoppel does not apply here because there was no final judgment on the merits; Employer merely accepted a tax assessment without appealing. Secondly, the parties were not the same.

eligibility for unemployment compensation, not the employer. *Pitt Chemical and Sanitary Supply v. Unemployment Compensation Board of Review,* 9 A.3d 274 (Pa.Cmwlth.2010) (holding that employers and employees may not alter an employee's right to unemployment compensation benefits by contract). In the present case, the Department itself applied the Law to the facts of the case and determined that Claimant was an employee.

Moreover, we agree with Claimant—and tax agent Cook—that, under a proper analysis of the Law, Claimant is an employee, not an independent contractor. Section 402(h) of the Law, 43 P.S. § 802(h), provides that, with certain exceptions not relevant here, persons are ineligible for unemployment compensation for any week in which they are engaged in self-employment. The term "self-employment" is not defined in the Law. *Beacon Flag Car Co. v. Unemployment Compensation Board of Review,* 910 A.2d 103 (Pa. Cmwlth.2006). However, the courts have consistently found that independent contractors are to be considered "self-employed." *Id.*

Section 4(*l*)(2)(B) of the Law creates the following two-pronged test to be used in determining whether a person is a self-employed independent contractor or an employee. Specifically, this section provides that:

> Services performed by an individual for wages shall be deemed to be employment subject to this act, unless and until it is shown to the satisfaction of the department that—(a) such individual has been and will continue to be free from control or direction over the performance of such services both under his contract of service and in fact; and (b) as to such services such individual is customarily engaged in an independent-

ly established trade occupation, profession or business.

43 P.S. § 753(*l*)(2)(B).

It is presumed that a person is an employee rather than an independent contractor. *Thomas Edison State College v. Unemployment Compensation Board of Review,* 980 A.2d 736, 741 (Pa.Cmwlth. 2009). Employer has the burden of proving otherwise. *Id.*

The Board makes much of the fact that, at one point, Claimant declined an offer to become Employer's employee, stating that he preferred the freedom of being an independent contractor. (Board's brief at 13.) Additionally, Employer points out that it has employees who provide virtually the same services as Claimant, but who, unlike Claimant, are required to report into its office and perform clerical duties. (Employer's brief at 4.) We do not, however, find either of these facts to be significant because

> [t]he determination of whether one is self-employed or employed by another is a question of law to be determined by the compensation authorities and the courts; it is not one which may be decided on the basis of the characterization given the relationship by a lay person not trained in the legal niceties attendant on such a decision.

*Harper v. Unemployment Compensation Board of Review,* 65 Pa.Cmwlth. 474, 443 A.2d 419 (1982). In other words, neither the intent of the parties nor the terminology used by the parties to describe their relationship is dispositive. *See Applied Measurement Professionals, Inc. v. Unemployment Compensation Board of Review,* 844 A.2d 632 (Pa.Cmwlth.2004) (parties had executed a document entitled "independent contractor agreement"); *Wolff v. Unemployment Compensation Board of Review,* 79 Pa.Cmwlth. 352, 468 A.2d 1213 (1984) (claimant considered

himself to be self-employed). Instead, the court must examine the actual relationship between the parties. Otherwise, deserving employees could be deprived of unemployment benefits merely because of the use of incorrect terminology by persons not schooled in the law. This, of course, runs counter to the remedial purpose of the Act. Accordingly, we believe that the Board erred in considering the above-described conversation between Claimant and Employer, and in considering the fact that Employer had some employees it treated differently than Claimant.

Under the first prong of the test provided for in section 4($l$)(2)(B) of the Law, the proper inquiry is whether Claimant was free from control or direction over the performance of his or her work. Unlike the Board, we do not believe that Employer met its burden of proving that this is the case. In the course of determining whether persons are free from control or direction over their work, this court has considered various factors, such as whether there was on-the-job training, whether tools were supplied, whether there were regular meetings to attend, whether there was a fixed rate of remuneration, and whether taxes were deducted from the claimant's pay. *Thomas Edison State College*, 980 A.2d at 741. No one factor is determinative. *Glatfelter Barber Shop v. Unemployment Compensation Board of Review*, 957 A.2d 786, 794 (Pa.Cmwlth. 2008). Rather, the totality of the circumstances must be considered. *Osborne Associates, Inc. v. Unemployment Compensation Board of Review*, 3 A.3d 722, 729 (Pa.Cmwlth.2010).

█ While the Board found that some aspects of Claimant's work arrangement supported the notion that Claimant was free from Employer's direction and control, we are persuaded that the totality of circumstances indicate that Employer *did* exercise significant control over Claimant's work. Claimant was paid an hourly wage set by Employer. Employer supplied all of the equipment Claimant used. Claimant was supplied with a uniform which he was required to wear. Claimant received a fixed rate of pay regardless of whether a scheduled job actually took place. Claimant testified that he was required to attend training for which there was no pay. Employer required Claimant to use its business cards and forms at each job, as well as collect business cards from all attorneys present at the depositions. In addition, Claimant and Employer are in agreement that the reason Employer terminated Claimant was because they had a dispute over Employer's requirement that Claimant arrive a minimum of one hour before the starting time of each job. (Intervenor's brief at 4; Claimant's brief at 10.)

We conclude that, as a matter of law, where an employer supplies all equipment, pays a fixed rate even when a job does not take place, requires that its business cards be distributed and other business cards be collected, and even goes so far as to determine how early a person must arrive at a job and what clothing a person is to wear, that employer is exercising significant control over the manner in which Claimant is performing his duties. Accordingly, we agree with Claimant that Employer did not meet its burden of proving that Claimant was an independent contractor and, thus, the Board erred in concluding otherwise.[8]

Accordingly, we reverse.

---

8. Because Employer did not met its burden of proving the first prong of the test set forth in Section 4($l$)(2)(B) of the Law, we need not move on to the second prong to examine whether Claimant's services are the type performed in an independent trade or business.

## ORDER

AND NOW, this 27th day of January, 2012, the order of the Unemployment Compensation Board of Review, dated, August 4, 2010, is hereby reversed.