# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

King's Kountry Korner, LLC,      :
                Petitioner      :
          :
         v.      :    No. 2139 C.D. 2014
          :    SUBMITTED: May 15, 2015
Department of Labor and Industry,      :
Office of Unemployment      :
Compensation Tax Services,      :
                Respondent      :


BEFORE:     HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
                 HONORABLE RENÉE COHN JUBELIRER, Judge
                 HONORABLE PATRICIA A. McCULLOUGH, Judge


**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**JUDGE LEADBETTER**                   **FILED: October 14, 2015**


King's Kountry Korner, LLC (Kountry Korner) petitions for review of the order of the Department of Labor and Industry (Department) denying Kountry Korner's petition for reassessment of unemployment compensation contributions, interest and penalties assessed by the Office of Unemployment Compensation Tax Services (Tax Services). We are asked to decide (1) whether members of Kountry Korner, a limited liability company, who each owned a 1% interest and received remuneration for services provided to Kountry Korner, should be deemed employees of Kountry Korner for the purpose of the unemployment compensation tax under the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§ 751 - 914; and (2) whether the payments made by Kountry Korner to parents of Amish children who

provided services to Kountry Korner should be considered "wages" under Section 4(x) of the Law, 43 P.S. § 753(x), subject to the unemployment compensation tax. We affirm.

The tax agent for the Tax Services, Peter Gill, audited Kountry Korner for the first quarter of 2008 through the fourth quarter of 2011. On October 17, 2012, the Tax Services reclassified certain individuals as Kountry Korner's employees and assessed unemployment compensation contributions, interest and penalties in the amount of $28,139.41. Kountry Korner filed a petition for reassessment. At a hearing held on July 15, 2014, the tax agent, Gill, and Kountry Korner's member and assistant manager, Michael King, testified.

The Department made the following factual findings. Kountry Korner is a limited liability company and operates two retail furniture stores in Burgettstown and Lancaster, Pennsylvania. Kountry Korner was established in August 2005 as a general partnership. At that time, Kountry Korner's general partner and managing member, Raymond King, held a 93% interest, and seven other members each held a 1% interest. Raymond King executed the assumption agreement and assigned the partnership's assets, liabilities and legal rights to Kountry Korner. As of 2009, Raymond King owned 90% of Kountry Korner's interest, and ten other members each owned a 1% interest.[1] Raymond King's beginning balance with Kountry Korner in 2009 was $376,240. After making capital contributions of $200,000 and reporting a loss of $47,483, his ending capital account balance in 2009 was $528,757. Kountry Korner's new members each contributed $100 and then withdrew that amount. In 2011, seven members owning a 1% interest contributed $2000 to Kountry Korner's business, and the

_____
[1] The Department did not reclassify Raymond King as an employee.

2

remaining three 1% members contributed $3000.

For tax years 2008 through 2011, Kountry Korner filed federal tax returns as a partnership and reported "guaranteed payments," i.e., compensation paid to Kountry Korner's members for working at its stores as salespersons or doing delivery work. Department's Finding of Fact No. 10.[2] The guaranteed payments were "based on the time and effort that a person is putting into the business." *Id.* at No. 12. Kountry Korner issued 1099 federal tax forms to the parents of Amish children who worked at or around its stores.

The Department denied the petition for reassessment, concluding that the Kountry Korner's members who owned a 1% interest and received remuneration for services should be deemed employees subject to the unemployment tax under Section 4(*l*)(2)(B) of the Law, 43 P.S. § 753(*l*)(2)(B). The Department also noted that under Section 8925(a) of the Limited Liability Company Law of 1994 (Limited Liability Company Law), *as amended*, 15 Pa. C.S. § 8925(a), a domestic or foreign limited liability company is deemed a corporation, and that a member of such company is deemed a shareholder of a corporation eligible for unemployment benefits. In addition, even if a limited liability company is not required to file a federal corporate income tax return, those taxes must still be computed in Pennsylvania as if such a federal return had been filed. *Id.* The Department rejected Kountry Korner's argument that limited liability companies should be taxed as partnerships in Pennsylvania because they are required to file a form PA-65 to elect to file federal tax returns as a partnership. The Department noted that the instructions to the form PA-65 form itself stated

---

[2] Under federal tax law, a limited liability company with two or more members can elect to be classified as a partnership. 26 C.F.R. § 301.7701-3(b)(1)(i).

3

that the limited liability companies conducting business in Pennsylvania must file the RCT-101 (PA Corporate Tax Report).

The Department further concluded that Kountry Korner failed to establish that the Amish children who worked at its stores were not subject to its control and direction in their work performance and were engaged in an independently established trade, occupation, profession or business. The Department rejected Kountry Korner's attempt to invoke "the 4029 exemption" for religious groups opposing public or private insurance. July 15, 2014 Hearing, Notes of Testimony (N.T.) at 36; Reproduced Record (R.R.) at 51a. The Department stated that such exemption may be available only to federal Social Security and Medicare taxes. Kountry Korner's appeal to this Court followed.

Kountry Korner challenges the Department's determination that its members who received remunerations for services should be subject to unemployment compensation tax as employees. Kountry Korner insists that it should be treated as a partnership and that its members should be deemed self-employed.[3]

The provisions of the Law must be liberally and broadly construed to achieve its objectives of ensuring that employees who become unemployed through no fault of their own are provided with some semblance of economic security. *Wedner Unemployment Compensation Case*, 296 A.2d 792, 796 (Pa. 1972).

---

[3] A "partnership" is defined as "a domestic or foreign general partnership, joint venture, limited partnership, limited liability company, business trust or other unincorporated entity that for Federal income tax purposes is classified as a partnership." Section 301 (n.0) of the Tax Reform Code of 1971, Act of March 4, 1971, P.L. 6, *as amended*, added by Section 4 of the Act of August 31, 1971, P.L. 362, 72 P.S. § 7301(n.0).

The term "employment" is broadly defined as "all personal service performed for remuneration by an individual under any contract of hire, express or implied, written or oral, including service in interstate commerce, and service as an officer of a corporation." Section 4(*l*)(1) of the Law, 43 P.S. § 753(*l*)(1). Once it has been shown that an individual has performed service for wages, he or she is presumed to be an employee. Section 4(*l*)(2)(B) of the Law; *Cameron v. Dep't of Labor & Indus., Bureau of Emp'r Tax Operations*, 699 A.2d 843, 846 (Pa. Cmwlth. 1997). The burden then shifts to the employer to establish an exemption from employment. *Hoey v. Dep't of Labor & Indus., Bureau of Emp't Sec.*, 499 A.2d 1124, 1127 (Pa. Cmwlth. 1985).

Section 4(*l*)(2)(B) of the Law provides for the following exemption from employment:

> Services performed by an individual for wages shall be deemed to be employment subject to this act, unless and until it is shown to the satisfaction of the department that—(a) such individual has been and will continue to be free from control or direction over the performance of such services both under his contract of service and in fact; and (b) as to such services such individual is customarily engaged in an independently established trade, occupation, profession or business.

It is the right or authority to exercise control or to interfere with the work of another, not the actual control, that creates an employment relationship. *Cameron*, 699 A.2d at 846. In order to discern whether the employees were truly employees or independent contractors, it is necessary to look beyond the contract between the employer and the employees to the true facts of the employment. *Hoey*, 499 A.2d at 1127.

Kountry Korner's managing member, Raymond King, had "the authority to … [m]onitor, supervise, manage and control the business activities of

5

the Company and its employees."  Section 3.7(a) of the Operating Agreement; Supplemental R.R. at 13b.  Kountry Korner's witness, Michael King, conceded that the guaranteed payments received by Kountry Korner's members were "compensation for services performed" at the stores as sales representatives or as delivery persons.  Kountry Korner's Brief at 8.  Indeed, Finding of Fact No. 17 reflects that the members, each of whom had a 1% share, received compensation varying from $1425 to $95,485.  Because the members performed services for wages, the burden shifted to Kountry Korner to establish that they were not subject to its control or direction over their performance and that they were customarily engaged in an independently established trade, occupation, profession or business. Section 4(*l*)(2)(B) of the Law.  As the Department correctly noted, Kountry Korner did not present any evidence to meet its burden.

Section 8925(a) of the Limited Liability Company Law provides in relevant part:

> For the purposes of the imposition by the Commonwealth of any tax or license fee on or with respect to any income, property, privilege, transaction, subject or occupation, a domestic or foreign limited liability company that is not a domestic or qualified foreign restricted professional company shall be *deemed to be a corporation* organized and existing under Part II (relating to corporations), and a member of a company, as such, shall be deemed to be *a shareholder of a corporation. …* For purposes of the corporate net income tax and the capital stock and franchise tax, such a company shall be considered a "corporation" and an "entity" as defined in Articles IV and VI of the act of March 4, 1971 …, known as the Tax Reform Code of 1971, and, *if such a company is not required to file a Federal corporate income tax return, those taxes shall be computed as if such a Federal return had been filed.*  [Emphasis added.]

A corporation is defined to include a limited liability company.  Section 401(1)(iii)

6

of the Tax Reform Code of 1971, 72 P.S. § 7401(1)(iii). Section 8946(a) of the Limited Liability Company Law, 15 Pa. C.S. § 8946(a), further provides that "[a] member or manager may be an employee or other representative of and engage in transactions with a limited liability company to the same extent as a person who is not a member or manager of the company."

Where, as here, the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. Section 1921(b) of the Statutory Construction Act of 1972, 1 Pa. C.S. § 1921(b). Under the clear and unambiguous language in Sections 8925(a) and 8946(a) of the Limited Liability Company Law, Kountry Korner's members are treated as shareholders of the limited liability company and may become its employees earning wages. *See Nu-Look Design, Inc. v. Comm'r of Internal Revenue*, 356 F.3d 290 (3d Cir. 2004) (holding that the president and sole shareholder of the company was an employee under the plain and unambiguous statutory language in question).

Kountry Korner relies on the form PA-65 that a limited liability company must file in Pennsylvania to elect to file a federal tax return as a partnership. Kountry Korner asserts that requiring a limited liability company to file a PA-65 "would be an indication that the LLC is reporting as a partnership or S Corporation for tax purposes, having the guaranteed payments to be distributions under Pennsylvania law, thereby not subject to Unemployment Compensation Tax." Kountry Korner's Brief at 10. The PA-65 form further states, however, that all PA S corporations and limited liability companies conducting business in Pennsylvania must file a RCT-101 (PA Corporate Tax Report), as required by Section 8925(a) of the Limited Liability Company Law. It is irrelevant whether

7

Kountry Korner is treated as a corporation or a partnership. As long as the members of the corporation are considered to be employees, they are subject to the unemployment compensation tax under the provisions of the Law.[4]

Finally, the payments made by Kountry Korner to the parents of the Amish children were wages subject to the unemployment compensation tax. The term "wages" is defined as "all remuneration … paid by an employer to an individual with respect to his employment …." Section 4(x) of the Law. Kountry Korner made the payments to the Amish parents to compensate services performed by their children at or around the stores. Kountry Korner claimed, however, that it paid the children's compensation to the parents "due to the 4029 exemption" for members of religious groups. N.T. at 36; R.R. at 51a. According to Kountry Korner, the Department has accepted such exemption for workers' compensation. Kountry Korner, however, fails to cite any authority supporting the alleged exemption from the unemployment compensation tax or to further develop its argument to enable the Court to address the issue. It is well established that a party's failure to sufficiently develop an issue in a brief constitutes a waiver of the issue. *Berner v. Montour Twp.*, 120 A.3d 433, 437 (Pa. Cmwlth. 2015).

Accordingly, the Department's order is affirmed.

**BONNIE BRIGANCE LEADBETTER,**
Judge

Judge Cohn Jubelirer concurs.

---

[4] Kountry Korner does not raise the issue of whether the provisions of the Law have been preempted by the federal tax statutes. Suffice it to note that a federal statute may be interpreted as preempting a state statute only if such result is clearly intended by Congress and that federal preemption of a state's power is not favored. *Bayada Nurses, Inc. v. Dep't of Labor & Indus.*, 958 A.2d 1050, 1059 (Pa. Cmwlth. 2008), *aff'd,* 8 A.3d 866 (Pa. 2010).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

King's Kountry Korner, LLC, : 
                      Petitioner : 

              : 
              v.         :   No. 2139 C.D. 2014
              : 

Department of Labor and Industry, : 
Office of Unemployment : 
Compensation Tax Services, : 
                   Respondent :

## **O R D E R**

AND NOW, this 14th day of October, 2015, the order of the Department of Labor and Industry in the above-captioned matter is AFFIRMED.

 

_____
**BONNIE BRIGANCE LEADBETTER,**
Judge