Vaughn A. Hoey, Petitioner *v.* Commonwealth of Pennsylvania, Department of Labor and Industry, Bureau of Employment Security, Respondent.

Submitted on briefs September 12, 1985, to Judges DOYLE and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Graham C. Showalter,* for petitioner.

*Edward E. Hosey,* Assistant Chief Counsel, with him, *Herbert W. Hoffman,* Deputy Chief Counsel, for respondent.

Opinion by Senior Judge Barbieri, October 29, 1985:

Vaughn A. Hoey petitions for review of an order of the Department of Labor and Industry, Office of Employment Security (OES), which denied his petition for reassessment of unemployment compensation tax due from him plus penalties and interest. The OES had previously assessed him as owing unemployment compensation taxes for the third and fourth quarters of 1982 and for the first quarter of 1983 as well as interest. We affirm.

The following facts are pertinent. Hoey's sister, Karen Troutman, was totally and permanently disabled as a result of a work-related accident which occurred on January 15, 1981 and required constant monitoring and care. By court order dated March 30, 1981, Karen was adjudicated an incompetent and Hoey was appointed guardian of her person. Beginning in mid-1982, he hired a number of nurse's aides to look after Karen. Their duties included supervision of Karen, attending to her personal needs, preparing food and doing laundry. These aides were paid on an hourly basis at the rate of $3.60 per hour and Hoey was reimbursed by Karen's insurance carrier for the cost of these services. The hourly wage rate was established by an agreement between Hoey and the carrier. Approximately a month after these aides began working for him, Hoey submitted proposed employment contracts to each of them. These contracts designated the aides as "independent contractors" and were drawn up by Hoey's attorney. All of the aides but one executed the employment contracts. At no time did Hoey withhold state or federal income taxes from the aides' wages nor did he pay social security nor unemployment compensation taxes with respect to those wages. For tax purposes, he

issued each of the aides a form 1099-NEC (Non-Employee Compensation) rather than a form W-2, to evidence the amounts each received during the years in question.

On January 5, 1984, the OES, as noted, assessed Hoey the sum of $1,195.34 for unemployment compensation taxes due and unpaid for the third and fourth quarters of 1982 and the first quarter of 1983. The OES also assessed interest on the delinquent unemployment taxes in the amount of $143.67. Hoey filed a timely petition for reassessment with the OES and hearings on his petition were held on April 30, 1984 and July 17, 1984. Following those hearings, the examiner issued a decision which recommended that the petition for reassessment be denied. On September 10, 1984, the OES approved the examiner's decision and denied the petition.

In this appeal, Hoey raises three contentions: (1) that the OES failed to name the proper party in interest in its Notice of Assessment; (2) that he did not receive proper notification of the July 17, 1984 hearing; and (3) that the aides hired by him were independent contractors whose services do not constitute "employment" for which he may be assessed unemployment compensation taxes. We shall address these issues seriatim. Of course, our scope of review is limited to determining whether necessary findings are supported by substantial evidence, an error of law committed, or any constitutional rights of the petitioner violated. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Barnes v. Department of Justice,* 70 Pa. Commonwealth Ct. 47, 452 A.2d 593 (1982).

We shall first address Hoey's contention that he is not the proper party in interest. He bases this contention upon the argument that he was acting in

his capacity as guardian of his sister's person, and not his individual capacity, when he contracted for the services rendered to his sister and paid the compensation which form the basis of the OES assessment here. Accordingly, he contends, the OES cannot attempt to hold him personally liable for acts he was performing in his fiduciary capacity. Our review of the record indicates that this contention was never raised before the OES in his petition for reassessment and the examiner, accordingly, did not make any findings or recommendations on this issue. Section 703 (a) of the Administrative Agency Law, 2 Pa. C. S. §703(a), mandates that a party may not raise on judicial appeal any issue not raised before the agency. The exceptions to that mandate set forth in Pa. R.A.P. 1551, questions as to (1) the validity of a statute, (2) jurisdiction and (3) one that could not have been raised with clear diligence, are not applicable here and since Hoey did not raise this issue before the OES in his petition for reassessment, it is considered waived. *Lantzy v. Pennsylvania Board of Probation and Parole,* 82 Pa. Commonwealth Ct. 626, 477 A.2d 18 (1984).

We turn now to Hoey's second contention which is that he failed to receive adequate notice of the July 17, 1984 examiner's hearing. The record shows that the OES notice of that hearing was dated July 9, 1984 and was received by his wife on July 12, 1984 as evidenced by her signature on the certified mail return receipt card which is part of the record. While he denies any knowledge of the July 17, 1984 hearing, the record shows that he contacted the hearing examiner on July 13, 1984 and requested a continuance of the July 17, 1984 hearing due to the unavailability of his attorney, Wayne Patton. After the examiner discovered that Mr. Patton did not represent Hoey, he

denied the continuance request. N.T. (7/17/84) 15-16, R.R. 157a-158a. Hoey then contacted the State College regional OES office on July 16, 1984 to request a continuance of the July 17, 1984 hearing. During that conversation with a staff member, he indicated that he felt that he was given insufficient time in which to prepare and had no intention of appearing at the July 17, 1984 hearing. N.T. (7/17/84) 13-14, R.R. 149a-150a. The record clearly shows that Hoey had at least four days actual advance notice of the July 17, 1984 hearing and he has articulated no actual prejudice which he suffered as a result of the allegedly insufficient advance notice. Accordingly, we must reject his challenge to the adequacy of the advance notice. *Cf. Wolff v. McDonnell*, 418 U.S. 539 (1974) (twenty-four hours advance notice of prison disciplinary hearing sufficient to satisfy due process); *Hartman v. Parrott*, 535 F.2d 450 (8th Cir. 1976) (four days advance notice of preliminary hearing constitutionally permissible where defendant fails to show any prejudice).

We shall now turn to Hoey's final contention which is that the nurse's aides employed by him to care for his disabled sister were "independent contractors" whose wages do not give rise to liability on his part for unemployment compensation taxes. His contention is based solely upon the employment contracts which he had all but one of the nurse's aides sign in which it was stated that the aides were independent contractors. We have previously held, in *C. A. Wright Plumbing Co. v. Unemployment Compensation Board of Review*, 6 Pa. Commonwealth Ct. 45, 293 A.2d 126 (1972), that an employer cannot exempt himself from payment of unemployment compensation taxes and exclude his employees from unemployment compensation benefits merely by having

the employees sign subcontractor's agreements and not withholding Social Security and income taxes. *Id.* at 50-51, 293 A.2d at 129. In such cases, it is necessary to look beyond such contracts to the true facts of the employment in order to discern whether the employees were truly independent contractors or employees. *Id.* at 49, 293 A.2d at 128. "The Unemployment Compensation Law of Pennsylvania goes very far, and properly so, and places a very heavy burden on the applicant when it makes payment to anyone who has performed a service to excuse or exempt that payment from the unemployment compensation tax." *American Diversified Corporation v. Bureau of Employment Security,* 1 Pa. Commonwealth Ct. 527, 533, 275 A.2d 423, 426 (1971). Once it has been shown that an individual has performed services for wages, the burden shifts to the employer to show why the Unemployment Compensation Law permits an exemption. *Bureau of Employment Security v. Heckler & Co.,* 409 Pa. 117, 185 A.2d 549 (1962). In order to exclude itself from coverage under the Unemployment Compensation Law on the ground that the employees are independent contractors, the employer must establish that the individuals have been and will continue to be free from control or direction over performance of services both under his contract of service and in fact, and that each such individual is customarily engaged in an independently established trade, occupation, profession, or business. Section 4(1)(2)(B) of the Pennsylvania Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. 753(1)(2)(B); *Jochynek v. Unemployment Compensation Board of Review,* 32 Pa. Commonwealth Ct. 86, 378 A.2d 490 (1977).

The facts here clearly show that the aides were under Hoey's control and direction as to their duties

so as to constitute "employment" under the Unemployment Compensation Law. The sub-contractors' agreements which Hoey had the aides sign each contains a one and one-half page description of duties leaving only the most specific details to the aide's discretion. The following OES findings are pertinent:

9. The Petitioner [Hoey] exercised complete control and direction over Betty R. Rearick, Clara M. Mertz and all of the other persons who were employed in the care of his sister.

. . . .

13. The contract, hereinabove referred to, designated Vaughn A. Hoey as employer and each of the persons who executed same, as employee.

. . . .

15. Clara M. Mertz and here [sic] co-workers were supervised or received instructions directly or through another at the direction of the Petitioner, as to what work was exactly to be done.

16. The Petitioner, Vaughn A. Hoey, exercised complete control and direction over Betty R. Rearick and other employees in the performance of their work and directed the work to be performed by them, and retained the right to dismiss them.

17. The hours performed by each of the employees were kept by Vaughn A. Hoey or a person designated by him and were submitted to the Liberty Mutual Insurance Company for reimbursement to him for the monies paid to the various persons performing services for him.

18. The Petitioner has failed to prove that Betty R. Rearick and other persons employed by him were free from control or direction over their performance of services under their oral or written agreement of service.

19. The Petitioner has failed to prove that Betty R. Rearick and others employed by him were customarily engaged in an independently established trade, occupation, profession or business.

. . . .

21. An employer-employee relationship did in fact exist between Vaughn A. Hoey and Betty R. Rearick and others who performed services for him, at his request and at his direction.

22. Vaughn A. Hoey did in fact pay an amount in excess of One thousand and no/100 ($1,000.00) Dollars in cash remuneration in the calendar quarters involved, in the years 1982 and 1983, in this matter, to the individuals employed by him who were rendering services which could be classified as domestic service.

These findings are amply supported by substantial evidence contained in the record and are, therefore, binding upon this Court. *Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 378 A.2d 829 (1977).

The second prong of Hoey's final contention is that the employment of aides to care for his sister is exempt from assessment of unemployment compensation tax by virtue of Section (4)(e)(4)(2) of the Unemployment Compensation Law, 43 P.S. §753(e)(4)(2), which specifically excludes domestic services performed in a private home from the definition of "employment." While he recognized that Section 4(e)(3)(H) of the Unemployment Compensation Law, 43 P.S. §753(e)(3)(H), provides that where wages of at least $1,000 are paid per quarter for such domestic services, those services are "employment" within the Unemployment Compensation Law, Hoey argues that this provision is inapplicable to him. He bases his

contention on the statutory language in Section 4(e) (3)(H) which refers to "domestic service . . . *performed for a person who paid cash remuneration* of one thousand dollars or more after December 31, 1977, in any calendar quarter. . . ." Simply put, Hoey's argument is that the services were rendered to his sister, Karen, who did not pay the aides' remuneration, and not to him. This contention is without merit.

We agree that tax statutes are to be strictly construed with all reasonable doubts and ambiguities being resolved in favor of the taxpayer and against the taxing authority. *Estate of Carlson*, 479 Pa. 421, 388 A.2d 726 (1978). However, we entertain no doubts as to the applicability of Section 4(e)(3)(H) to the remuneration paid here. The aides were hired by Hoey and were dischargeable by him. It was he who paid their wages and who directed and supervised their duties. The fact that those duties were the care of a third party, here Hoey's sister, does not make the sister the employer as opposed to Hoey. We believe that the degree of control of the performance of the aides, exercised and exercisable by Hoey under the terms of each "Employment Contract," in which he is designated as "Employer," leaves no doubt that he, and not his sister, was the employer of each of the aides. Accordingly, we must reject Hoey's claim of exemption from assessment of unemployment compensation taxes.

Having found substantial evidence in the record to support the OSE findings, no error of law committed nor constitutional rights violated, we affirm the OES order.

## ORDER

Now, October 29, 1985, the order of the Department of Labor and Industry, Office of Employment Security, at Account No. 60-NC, dated September 10, 1984, which denied the petition for reassessment of Vaughn A. Hoey, is hereby affirmed.