**Joyce OWENS, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 3, 1999.

Decided March 21, 2000.

---

Carolyn L. Carter, Gettysburg, for petitioner.

Kristin L. Rice, Gettysburg, for intervenor, Aristokraft, Inc.

Before SMITH, J., FLAHERTY, J., and JIULIANTE, Senior Judge.

FLAHERTY, Judge.

Joyce L. Owens (Claimant) petitions this Court for review of a decision and order of the Unemployment Compensation Board of Review (Board) which denied her unem-

ployment compensation benefits pursuant to Section 402(e) of the Pennsylvania Unemployment Compensation Law (Law) concluding that she engaged in disqualifying willful misconduct.[1] We affirm the Board.

Claimant was last employed by Aristokraft (Employer) with her last day of work being September 22, 1998. Employer has an attendance policy which calls for a verbal warning and three written warnings for attendance violations, followed by a suspension pending dismissal. Employer's policy allows for twenty hours of absence in a three month period and it also allows employees to request that absences be excused based upon leave under the Family Medical Leave Act (FMLA). Claimant was or should have been aware of Employer's policies.

On March 24, 1997, Claimant was given a verbal warning regarding attendance violations. Claimant was given a first written warning on July 25, 1997; a second written warning on November 13, 1997 and a third written warning regarding her attendance on June 15, 1998. At the time of the third written warning she was informed that any additional absences would be grounds for suspension pending dismissal.

During the month of August 1998, Claimant broke her toe. Following her injury Claimant reported to work on August 16, 1998 wearing a special shoe to accommodate her broken toe. Claimant was permitted to work that shift, but was then informed that she could not work unless she was wearing steel-toed shoes. Claimant was then absent from work on August 17, 18, and 19, 1998.

On August 16, 1998, Claimant met with Employer's benefits administrator and requested leave under the FMLA for her broken toe. Claimant was informed that she had 30 days to submit a medical certificate and that if she did not submit the medical certificate the absences due to the broken toe would not be excused. Claimant was required to submit the medical certificate by September 17, 1998.

Claimant did not submit the required medical certificate by September 17, 1998. She did contact the benefits administrator and requested that she be permitted to submit the required certificate by September 21, 1998. Employer agreed, but Claimant failed to submit the required certificate by September 21, 1998. Claimant was then discharged on September 22, 1998 for violating Employer's attendance policy regarding excessive unexcused absences since she had not submitted a timely FMLA request and her absences were not excused.

Claimant applied for unemployment compensation benefits and the job center denied her benefits pursuant to Section 402(e) of the Law for absenteeism and failure to submit the required medical certificate in a timely manner. Claimant filed a late appeal. The referee dismissed Claimant's appeal as untimely. Claimant appealed to the Board. After further consideration the Board remanded the matter to the referee for testimony on the merits. The Board then accepted Claimant's late appeal nunc pro tunc, finding Claimant's testimony that she had not received the job center's determination to be credible. The Board then found that Claimant was discharged for willful misconduct and denied benefits pursuant to Section 402(e) of the Law. Claimant's petition for review to this Court followed.

Claimant raises the following issues for our review: (1) whether Claimant committed willful misconduct when she exceeded the number of absences allowed by Em-

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897 *as amended,* 43 P.S. § 802(e). Section 402(e) provides in pertinent part:

An employee shall be ineligible for compensation for any week—

...(e) in which her unemployment is due to her discharge or temporary suspension from work for willful misconduct connected with her work...

ployer's no-fault absenteeism policy; (2) whether Claimant's doctor's return of a medical form, one day late, was willful misconduct on the part of Claimant; (3) whether Claimant's absence from work, which was directed by her supervisor because she was not permitted to work wearing a special shoe to accommodate her broken toe, was willful misconduct; (4) whether Employer failed to prove the existence and terms of the policy on which it based Claimant's discharge; and (5) whether the Board failed to make essential findings of fact.[2] We will address Claimant's issues out of order.

Claimant argues that the Board failed to make essential findings of fact in this case and this Court should remand to the Board for more findings of fact.[3] Claimant contends that the Board failed to make findings on the essential issue of the nature and terms of Employer's absenteeism policy and the nature of Claimant's absences that led to the unacceptably high absenteeism rate.

■ Claimant is correct in stating that the Board is required to make findings on all essential issues presented by a claimant on appeal. *Reed v. Unemployment Compensation Board of Review,* 104 Pa. Cmwlth. 373, 522 A.2d 121 (1987). However, while an adjudication must include all findings necessary to resolve issues raised by the evidence which are relevant to the decision, it need not always include findings regarding all allegations and defenses raised by a party. *Van Duser v. Unemployment Compensation Board of Review,* 164 Pa.Cmwlth. 96, 642 A.2d 544, 549 (1994).

■ Claimant insists that Employer's absenteeism policy is a no-fault policy and the Board erred by failing to make a finding to this effect. We must disagree. A review of the record and the Board's findings indicate that Employer's absenteeism policy was not a no-fault policy. The policy recognizes that employees will have occasion to be absent and allows for twenty hours of absenteeism in a three month period before disciplinary action begins. (N.T. at 22 and Record Item No. 2, item 12). In addition, if an employee needs to be absent beyond this twenty hours in a three month period the employee is permitted to apply for an excused absence by filling out FMLA paperwork and submitting it to Employer. (N.T. at 17, 18, 22, 29, and 38). A policy allowing for absences and excused absences is not a no-fault policy.

Claimant also argues that because the Board did not make a finding for every incident of absence and the reason for the absence the Board erred. Again we must disagree. Employer's policy was not a no-fault policy and, therefore, an examination of each of Claimant's absences is unnecessary. Accordingly, the Board did not err in not examining each absence.

■ The remaining issues raised by Claimant all address whether Employer met its burden of proving that it had an absenteeism policy, whether Claimant violated that policy and whether Claimant's behavior in violating the policy was disqualifying willful misconduct. It is undisputed that an employer has the burden of demonstrating that an employee has engaged in willful misconduct. In a case

**2.** Our review in unemployment compensation cases is limited to determining whether constitutional rights were violated, whether errors of law were committed or whether findings of fact are supported by substantial evidence. *Sheets v. Unemployment Compensation Board of Review,* 708 A.2d 884 (Pa. Cmwlth.1998).

**3.** We note that while Claimant argues that the Board failed to make essential findings of

fact, Claimant does not challenge the findings the Board did make as not being supported by substantial evidence. Findings of fact which are not challenged by a petitioner are binding upon this Court on appeal. Therefore, the Board's findings are binding on appeal. *Salamak v. Unemployment Compensation Board of Review,* 91 Pa.Cmwlth. 493, 497 A.2d 951, 954 (1985).

involving a work rule violation, the employer must establish both the existence of the reasonable work rule and its violation. If the employer proves the existence of the rule, the reasonableness of the work rule, and the fact of its violation, the burden of proof shifts to the claimant to prove that she had good cause for her actions. *Williams v. Unemployment Compensation Board of Review*, 141 Pa.Cmwlth. 667, 596 A.2d 1191 (1991).

In this case, contrary to Claimant's argument, Employer has met its burden of proving its absenteeism policy. The record clearly indicates that Employer has an absenteeism policy. This policy allows for employees to be absent twenty hours in a three month period. Any absence thereafter may be excused if the employee fills out a FMLA request and the absence is excused by Employer. Only after an employee exceeds twenty hours in a three month period and the absence is not excused does the absence count against the employee. (N.T. at 22 and Record Item No. 2 at item 12). After an employee exceeds the twenty hours per three month period the employee will receive discipline. Employees are given a verbal warning and three written warnings followed by a suspension pending discharge for violation of the absenteeism policy. (Record Item No. 2 at item 12).

Moreover, Employer has provided ample and uncontradicted evidence that Claimant violated the absenteeism policy. It is undisputed that Claimant was absent in excess of the allowed twenty hours in a three month period and received a verbal warning regarding her attendance and three written warnings regarding her attendance. At the time Claimant received the third written warning she was informed that any additional absences would be grounds for suspension pending discharge. Claimant was again absent on August 17, 18, and 19, 1998. She was informed that in order for her absences to be excused she needed to submit a FMLA form to Employer by September 17, 1998. This date was extended to September 21, 1998. Claimant failed to submit the required FMLA request according to Employer's policy. She was then discharged as she was in violation of Employer's policy because she was excessively absent without the proper medical documentation.

■ Generally speaking, excessive absences may constitute willful misconduct. *McKeesport Hospital v. Unemployment Compensation Board of Review*, 155 Pa. Cmwlth. 267, 625 A.2d 112 (1993). In this case, it is clear that Employer established and Claimant did not contradict that she was excessively absent and had received many warnings regarding her absenteeism according to Employer's policy. Therefore, Employer has established a prima facie case of willful misconduct.

■ Claimant argues that she had good cause for her absences and her failure to return the required medical documentation by the deadline. While illness, here a broken toe, is a good cause defense to a charge of willful misconduct due to excessive absenteeism, *see McKeesport Hospital*, 625 A.2d at 114, Claimant still failed to submit a timely medical leave request as required by Employer to receive an excused absence. Claimant acknowledges in her brief that the late return of the doctor's form, if considered willful misconduct, can be the basis for denying her benefits.

We disagree with Claimant that her failure to return the required documentation was not her fault. Claimant was informed on August 17, 1998, that she had until September 17, 1998 to return the medical leave form. This deadline was then extended, at Claimant's request, to September 21, 1998. Claimant had received four warnings concerning her excessive absenteeism and was aware that any more unexcused absences would result in discharge. Claimant was also aware that turning in the required medical leave would excuse her August absences. However, Claimant did not comply with Employer's deadline. Claimant lays the blame on the doctor

arguing that it was he who turned the documentation in late. We do not agree. Claimant was responsible to turn in the documentation. She had more than thirty days to accomplish this task. The record does not indicate that Claimant made a reasonable effort to have the form filled out as required. Claimant could not remember the first date she went to the doctor to have him fill out the form. (N.T. at 42). Her testimony also indicates that she did not return the form to the doctor to have him fill out the document until the Friday it was to be given to Employer. At that time she had her daughter drop off the form to the doctor; she did not take it herself. (N.T. at 43). Because the doctor was not available it was not filled out and returned to Employer until after the extended deadline. This last minute attempt does not indicate a reasonable effort was made by Claimant.

Considering the many warnings she had received, the fact that she was aware her job was in jeopardy and the fact that she was aware the form was needed to excuse her absences, we believe it behooved Claimant to make every effort to turn in the medical documentation within the thirty day time period. She failed to do so in violation of Employer's policy. Accordingly, Claimant's violation of Employer's policies regarding absenteeism was without good cause and the Board did not err by denying her unemployment compensation benefits. The order of the Board is affirmed.

### *O R D E R*

AND NOW, this 21st day of March, 2000, the decision and order of the Unemployment Compensation Board of Review at No. B–379072 dated May 20, 1999, is affirmed.

Judge SMITH dissents.