# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| William H. Yelland V, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 2323 C.D. 2015 |
| | : | Submitted: May 6, 2016 |
| Unemployment Compensation | : | |
| Board of Review, | : | |
| Respondent | : | |

BEFORE:  HONORABLE P. KEVIN BROBSON, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE JAMES GARDNER COLINS, Senior Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                **FILED:  July 12, 2016**

Petitioner William H. Yelland V (Claimant), appearing *pro se*, petitions this Court for review of an order of the Unemployment Compensation Board of Review (Board), which affirmed a Referee's decision dismissing Claimant's appeal as untimely pursuant to Section 502 of the Unemployment Compensation Law (Law).[1]  For the reasons discussed below, we affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 822.  Section 502 of the Law provides, in pertinent part:

> The parties and their attorneys or other representatives of record and the department shall be duly notified of the time and place of a referee's hearing and of the referee's decision, and the reasons therefor, which shall be deemed the final decision of the board, unless an appeal is filed therefrom, within fifteen days after the date of such decision the board acts on its own motion, to review the decision of the referee.

On April 15, 2015, Claimant filed for unemployment compensation benefits following a suspension of his employment from Abington Heights School District (Employer). (Certified Record (C.R.) at 2.) On April 29, 2015, the Scranton UC Service Center (Service Center) issued a Notice of Determination in which Claimant was declared eligible for benefits. (C.R. at 5.) Employer appealed the determination. (C.R. at 6.) A Referee conducted a hearing and issued an order reversing the earlier determination, finding Claimant to be ineligible for benefits under Section 402(e) of the Law.[2] (C.R. at 10.) The order stated that the last day Claimant could appeal the decision was July 6, 2015. (*Id.*) Claimant did not file his appeal until July 9, 2015, via regular mail. (C.R. at 10.)

A Referee conducted a remand hearing on September 1, 2015, for the purpose of determining whether Claimant's appeal from the earlier Referee's decision was timely. (C.R. at 17.) During the hearing, both Claimant and Claimant's counsel testified that there was a miscommunication in the law office of Claimant's counsel as to which attorney was to handle the appeal, and such miscommunication was not resolved until after the appeal deadline had passed. (C.R. at 18.) By decision dated October 23, 2015, the Board dismissed Claimant's appeal. (C.R. at 19.) In doing so, the Board issued the following findings of fact:

1.  On June 18, 2015, the Referee issued a decision which denied the claimant benefits.

2.  A copy of the Referee's decision was mailed to the claimant at his correct post office address on the same date.

---

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e).

3.  The decision was accompanied by notice advising that the interested parties had fifteen (15) days to file a valid appeal.

4.  The claimant promptly received the decision and requested his counsel to file an appeal.

5.  The claimant's appeal from the Referee's decision, in order to be timely, had to have been filed on or before July 6, 2015.

6.  The claimant's appeal was filed on July 9, 2015, by regular mail because of confusion in counsel's office.

7.  There is no evidence that the claimant was misinformed or misled by the unemployment compensation authorities regarding his right or the necessity to appeal.

(*Id.*) The Board reasoned that because Section 502 of the Law provides that a Referee's decision shall become final unless an appeal is filed within fifteen (15) days after the date of such decision, the Board has no jurisdiction to consider an appeal that was filed afterwards. (*Id.*) As a result, the Board dismissed Claimant's appeal as untimely, and Claimant petitioned this Court for review.[3] (*Id.*)

On appeal to this Court,[4] Claimant asserts that the Board erred in dismissing his appeal as untimely because he was misinformed by private counsel

---

[3] On October 28, 2015, Claimant requested reconsideration of the Board's decision, which the Board denied. (C.R. at 20.)

[4] This Court's scope of review in an unemployment compensation appeal is limited to determining whether an error of law was committed, whether constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704; *Han v. Unemployment Comp. Bd. of Review*, **(Footnote continued on next page…)**

3

in regards to the timely filing of the appeal and should not be held accountable for such a mistake.[5]  (C.R. at 20.)

Section 502 of the Law provides that a party has fifteen days to appeal a Referee's decision to the Board.  This statutory time limit is mandatory; failure to file an appeal within the proscribed fifteen-day limit deprives the Board of jurisdiction to hear the matter.  *Hessou v. Unemployment Comp. Bd. of Review*, 942 A.2d 194, 198 (Pa. Cmwlth. 2008).  Without an adequate excuse, an appellant's failure to adhere to this deadline mandates dismissal of the appeal.  *Id.*

An appeal *nunc pro tunc* may be allowed where the delay in filing the appeal was caused by extraordinary circumstances involving fraud, some breakdown in the administrative process, or non-negligent circumstances related to the petitioner, his counselor, or a third party.  *Cook v. Unemployment Comp. Bd. of Review*, 671 A.2d 1130, 1131 (Pa. 1996).  Where an appellant asserts that the late appeal was caused by non-negligent circumstances related to appellant or his counsel, he must show that the appeal was filed within a short time after appellant

---

**(continued…)**

42 A.3d 1155, 1156 n.5 (Pa. Cmwlth. 2012).  Claimant does not challenge any of the Board's findings of fact as not supported by substantial evidence.  Findings of fact not challenged are conclusive on appeal.  *Hessou v. Unemployment Comp. Bd. of Review*, 942 A.2d 194, 198 (Pa. Cmwlth. 2008).  Because Claimant does not challenge any of the Board's findings, they are binding upon this Court.  *Owens v. Unemployment Comp. Bd. of Review*, 748 A.2d 794, 797 n.3 (Pa. Cmwlth. 2000).

[5] Claimant also mentions an argument concerning the violation of Claimant's equal protection rights under the Constitutions of both the United States of America and the Commonwealth of Pennsylvania.  Claimant, however, does not develop this argument.  As a result, the issue is waived.  *See Van Duser v. Unemployment Comp. Bd. of Review*, 642 A.2d 544 (Pa. Cmwlth. 1994).  To the extent that Claimant argues a violation of his equal protection rights, this Court will not address it.

4

or his counsel had an opportunity to address the untimeliness, the period that elapsed was of a short duration and the appellee was not prejudiced by the delay. *Id.* at 1130. As such, the appellant faces a heavy burden in establishing circumstances that would justify an untimely appeal. *Lopresti v. Unemployment Comp. Bd. of Review*, 55 A.3d 561, 563 (Pa. Cmwlth. 2012).

In the case at hand, Claimant has not satisfied the burden necessary to cure the jurisdictional defect of an untimely appeal, as the miscommunication between Claimant's legal counsel would not qualify as a non-negligent circumstance that would allow for an appeal *nunc pro tunc*. Although this Court has held that non-negligent circumstances include situations wherein either appellant or his counsel were physically unable to file the appeal due to unexpected medical issues,[6] failure to file through mere inadvertence does not constitute non-negligent circumstances. Claimant, therefore, has not asserted an adequate excuse for his late filing, and the Board was correct to dismiss his appeal as untimely.[7]

---

[6] *See Cook*, 671 A.2d. at 1131 (granting *nunc pro tunc* relief where Claimant was hospitalized during appeals period and not released until one day after time for appeal expired and, upon his release, promptly filed appeal); *see also Bass v. Cmwlth*, 401 A.2d 1133, 1134-35 (Pa. 1979) (holding appeal *nunc pro tunc* warranted when secretary for Claimant's counsel missed week of work due to illness during which she was unable to file the appeal, and upon her return, took prompt corrective action.)

[7] Claimant also argues that his late appeal should not matter because the Referee improperly found him ineligible for benefits under Section 402(e) of the Law. (Petitioner's Brief at 15.) Claimant attempts to argue on appeal to this Court the merits of his underlying claim. (*Id.* at 13-15.) However, this Court may not consider these arguments on appeal. *See McKnight v. Unemployment Comp. Bd. of Review*, 99 A.3d 946, 949 (Pa. Cmwlth. 2014) (affirming dismissal of claimant's appeal, holding that "if an appeal is not timely filed within the specified time period, the determination becomes final, and the Board does not have the requisite jurisdiction to consider the matter.")

Accordingly, the order of the Board dismissing Claimant's appeal as untimely, is affirmed.

_____
P. KEVIN BROBSON, Judge

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

William H. Yelland V, : 
               Petitioner : 
                  : 
          v. :   No. 2323 C.D. 2015
                  : 
Unemployment Compensation : 
Board of Review, : 
           Respondent : 

## **O R D E R**

AND NOW, this 12th day of July, 2016, the order of the Unemployment Compensation Board of Review is hereby AFFIRMED.

 

                                                  _____

                                            P. KEVIN BROBSON, Judge